(No. 1454—)

THE CONTINENTAL NATIONAL BANK AND TRUST COMPANY, (SUCCESSOR OF THE CONTINENTAL AND COMMERCIAL TRUST AND SAVINGS BANK), JOHN R. THOMPSON, JR., AND HENRY M. HENRIKSEN, EXECUTORS UNDER THE LAST WILL AND TESTAMENT OF JOHN R. THOMPSON, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 17, 1930.*

MAYER, MEYER, AUSTRIAN & PLATT, for claimant.

Oscar E. Carlstrom, Attorney General; Royce A. Kidder, Assistant Attorney General, for respondent.

Mr. Chief Justice Clarity delivered the opinion of the court:

It appears that one John R. Thompson died on June 17th, 1927, a resident of Lake County, State of Illinois, leaving a last will and testament which was duly probated in the Probate Court of Lake county, Illinois, and letters testamentary were duly issued thereon on July 2nd, 1927, to the Continental and Commercial Trust & Savings Bank, John R. Thompson, Jr., and Henry M. Henriksen, the persons named in said will as executors thereof.

That on the 15th day of December, 1927, the County Court of Lake County entered an order approving the appraiser's report in the appraisement of the estate of said decedent, John R. Thompson. It is alleged that said order identified and determined the relationship of the beneficiaries taking by said will and of all persons, corporations and transferees taking property or interests appraisable by reason of the death of the said John R. Thompson and determine the value of the successions, transfers and gifts to the beneficiaries under said will and the tax due the State of Illinois as shown by such appraisement and order.

It is further alleged that at the time of the determination of the inheritance tax there was allowed as a deduction on account of the claim of Rose H. Thompson, the widow of said decedent, the sum of $39,026.63; that on the 14th day of May, 1928, an order was entered by the Probate Court of Lake County allowing claim to said widow in the sum of $289,026.63 further alleging that $250,000.00 of said claim was not included as deduction against the gross value of said estate.

In the first place the record does not disclose as far as this court can ascertain much about the nature of this widow's claim. It appears by a copy of the order of court (of the County Court of Lake County) that two of the executors of the estate consented to its allowance; that the third executor made no objection. It would appear to this court that the widow of said deceased, claimant as aforesaid, was advised of the hearing in the matter of the inheritance tax as this court understands and believes the law to be that all parties in interest shall have proper notice of hearing on in-

heritance tax in which any interest would be affected. Therefore it would appear that claimant would naturally be aware of the proceedings and the effect of inheritance tax proceedings and it would naturally seem reasonable that she would advise the executors of .her claim and have same presented and allowed before the inheritance taxes were determined as there appears to be ample time between the appointment of executors and the date of the inheritance tax hearing. It also appears to the court that the Attorney General of Illinois should be given notice in the matter of allowance of a large claim of this kind which so materially affects the rights of the People of the State of Illinois in the matter of the taxing powers of the State. The Attorney General contends that a petition should have been filed in the County Court of Lake County seeking a new order fixing the correct amount of the inheritance tax. If this was done the Attorney General would have been notified and given the right to appear for the State and if the court would find that a lower tax value should be fixed it would appear that no trouble would be had in the claimant's application for a refund from the State Treasurer.

It is the contention of this court that if a method had been followed as prescribed and intended by the statute of the State of Illinois, that claimant would be furnished with the relief sought and it is therefore the opinion of this court that jurisdiction should not be taken in this case in this court and it is therefore recommended that the claim be disallowed.